IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
JOHN JAVIER REYES RAMOS,                :      Case No. 04-09168 (GAC)
                                        :
        Debtor                          :      Chapter 13
_____:

**DECISION AND ORDER**

The debtor, John Javier Reyes Ramos ("Reyes"), filed a petition under Chapter 13 on September 1, 2004. Since that time numerous issues have arisen between Reyes and a creditor, DC Limited Partnership ("DC Limited").

Prepetition, DC Limited acquired second and third mortgages over six commercial properties located in Bayamon, Puerto Rico from Drogueria Central. The second mortgage secures a mortgage note for the principal amount of $750,000.00, plus interest at the rate of 8%, payable to the bearer and dated December 2, 1996. The third mortgage secures a mortgage note for the principal sum of $350,000.00, with interest at the annual rate of 8%, payable to the bearer and dated December 18, 1997. Subsequently, DC Limited acquired the first mortgage over the six commercial properties from Banco Bilbao Vizcaya-Puerto Rico. This mortgage note is for the principal amount of $850,000.00, plus interest at an annual rate of 10% and extends to any rents that are due and unpaid when the obligations secured by the mortgage are demanded.

When DC Limited acquired the mortgages, the properties were

1

owned by Farmacia La Nueva Modelo de Bayamon, Inc. ("La Nueva").

Reyes was the sole shareholder and president of La Nueva.  DC

Limited sought to foreclose the first mortgage in local court and

obtained a judgment in the principal amount of $646,944.23, plus

$24,086.95 in interest and $85,000.00 in attorney's fees.  DC

Limited also obtained an order and writ of attachment in the local

court against the rents received by La Nueva for a lease of part of

the property.  A public auction was scheduled for December 19,

2001.

On December 18, 2001, La Nueva filed a voluntary petition

under Chapter 7, Case No. 01-13916.  DC Limited sought relief from

the automatic stay and at the final hearing, the trustee and DC

Limited orally agreed that if the trustee was unable to sell the

property within six months, the stay would be lifted and DC Limited

would be free to foreclose the property.  The agreement provided

that the trustee would pay $900,000.00 to DC Limited upon the sale

of the properties and DC Limited would renounce its second and

third liens.  The agreement also recognized that DC Limited had a

valid security interest in the rents.  The parties were directed to

submit a stipulation within fifteen days, but the parties never

executed a written agreement.

Pursuant to the agreement between the trustee and DC Limited,

the local court was notified that the commercial properties would

be sold and that the complaint for collection and foreclosure of

the second and third mortgages was abandoned with prejudice as was a counterclaim.  The local court granted judgment according to the terms and conditions of the stipulation.

The trustee was ultimately unable to sell the properties and filed a notice of abandonment.  DC Limited thereafter sought a determination that the automatic stay was terminated and the Court entered an order allowing DC Limited to continue with the foreclosure sale.  The local court scheduled a second foreclosure sale for September 2, 2004.

On August 31, 2004, Reyes transferred the mortgaged properties from La Nueva to himself without consideration.  The deed did indicate that the property was being "sold" to Reyes for $841,031.18, but that the purchase price was being retained to pay DC Limited.  Subsequently, on September 1, 2004, Reyes filed the present petition.  The schedules make no mention of Reyes being in possession of funds retained to pay DC Limited.

DC Limited seeks to prohibit Reyes' use of cash collateral, consisting of the rents obtained from the lease of the real property.  Since the time of DC Limited's motion, Reyes has evicted the lessor from the premises.  As of November 1, 2005, this Court has $46,048.70 on deposit pertaining to rents consigned with the Court from the local court proceedings.  Reyes filed a motion to withdraw $5575.00 of the consigned funds (dkt. #98), which DC Limited opposed, arguing that Reyes failed to identify expenses

3

totaling this amount and that he failed to properly document them (dkt. #112).

DC Limited also seeks relief from the automatic stay to continue with the foreclosure sale. DC Limited claims that all three mortgages are valid since the trustee in the La Nueva bankruptcy failed to sell the properties and pay DC Limited the stipulated amount. DC Limited claims that Reyes has engaged in bad faith in breaching the agreement reached in the La Nueva bankruptcy case. Likewise, DC Limited argues that the transfer of the properties from La Nueva to Reyes is presumed to be fraudulent under Puerto Rico law. DC Limited alleges that Reyes has insufficient income to fund a feasible plan and that Reyes' secured debts, including the second and third mortgages, exceed the debt limits of 11 U.S.C. § 109(e), making Reyes ineligible for relief under Chapter 13. Likewise, Reyes' amended plan is premised on the rental income, which Reyes is no longer receiving since the eviction of the tenant. DC Limited also objected to the confirmation of a plan that Reyes proposed and seeks dismissal of the case with prejudice based on the same arguments.

Reyes denies the validity of the second and third mortgages and filed an adversary complaint on January 4, 2005, Adv. No. 05-00004, naming Drogueria Central, the original holder of the second and third mortgages, as a defendant. Nonetheless, Reyes requests that if it is subsequently determined that he is ineligible for

Chapter 13 relief based on the amount of the secured debt, that he be allowed to convert to Chapter 11.  Reyes admitted at a hearing that the purpose of the  transfer of the property to himself and the filing of this petition was to stop the foreclosure, but contends that he is engaged in a good faith effort to repay the debt to DC Limited.  Since the filing of the petition, Reyes obtained higher paying employment, now earning $900.00 per week (dkt. #74) and has found a buyer for three units of the property for the sum of $785,000.00.  Reyes filed an application to sell these units (dkt. #125), which DC Limited opposed (dkt. #130) because it understands that the sale will be free and clear of the liens on all six units, when only three are being sold.  DC Limited also contends that Reyes has not fully disclosed the terms and conditions of the sale and provided necessary documentation.

<u>DISCUSSION</u>

The preliminary issue before the Court is whether DC Limited is entitled to relief from the automatic stay.  DC Limited seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause.  DC Limited contends that Reyes' bad faith or lack of good faith in filing the petition constitutes cause for relief. Directly related, DC Limited claims that Reyes transferred the properties to himself with the intent to defraud DC Limited.

Bad faith in filing a bankruptcy petition is cause for relief from stay under 11 U.S.C. § 362(d)(1).  See <u>In re Laguna Assoc.,</u>

<u>Ltd. Partnership</u>, 30 F.3d 734, 737 (6th Cir. 1994) and citations therein; <u>Duvar Apt., Inc. v. F.D.I.C. (In re Duvar)</u>, 205 B.R. 196 (B.A.P. 9th Cir. 1996); <u>In re Walden Ridge Development, LLC</u>, 292 B.R. 58 (Bankr. D.N.J. 2003); <u>In re Cambridge Woodbridge Apartments, L.L.C.</u>, 292 B.R. 832 (Bankr. N.D.Ohio 2003); <u>In re Harvey Road Assoc. VIII</u>, 140 B.R. 302 (Bankr. D.Mass. 1992).

Courts generally consider a number of factors in determining whether a petition has been filed in bad faith, including:

1. The debtor has few or no unsecured creditors;
2. The debtor has previously sought relief;
3. The petition was filed on the eve of foreclosure;
4. The foreclosed property is the sole or major asset of the debtor;
5. The debtor has no ongoing business;
6. The debtor has no ability to reorganize;
7. The reorganization involves a two party dispute;
8. The corporate debtor was formed to effectuate the filing.

In re Harvey Road Assoc. VIII, 140 B.R. at 305 (quoting <u>In re Bryan</u>, 104 B.R. 554 (Bankr. D.Mass. 1989)). These factors were fashioned to deal with a "new debtor syndrome," in which a corporate entity is created to receive title to real property on the eve of foreclosure and then file a bankruptcy petition to isolate the property and its creditors. Another court has stated that a variety of factors should be considered, including:

(1) when the petition is filed merely as a litigation tactic; (2) when the petition was filed solely to frustrate the legitimate efforts of other parties to enforce their rights; (3) when the debtor lacks a valid reorganizational purpose; and (4) when the debtor's sole motive is to avoid a contract.

In re Walden Ridge Development, LLC, 292 B.R. at 62.  Still other courts have indicated that rather than indicia counting, the practice should be to look at the totality of the circumstances. In re U.S. Advertising Inc., 131 B.R. 537, 540 (Bankr. D.R.I. 1991).  This is consistent with the approach taken by the First Circuit Court of Appeals in determining that good faith in seeking to convert from Chapter 7 to Chapter 13, is a fact-intensive determination made on a case-by-case basis.  Marrama v. Citizens Bank of Massachusetts (In re Marrama), 430 F.3d 474, 482 (1st Cir. 2005).

In the present case, DC Limited premises its request for relief on its contention that Reyes' bad faith is evidenced by the transfer of the real properties to Reyes, on the eve of the second foreclosure sale of these properties, without consideration.  DC Limited also contends that this violated the agreement reached in the La Nueva bankruptcy, which allowed it to foreclose when the trustee was unable to sell the properties for the agreed price.

While the Court agrees that this is indicia of bad faith, other factors weigh in Reyes' favor.  In the present case, Reyes has numerous unsecured creditors.  He personally has not previously sought relief, although he was responsible for the filing of La Nueva's petition.  While the real properties are Reyes' major asset, he also has income with which to fund a plan.  He is presently earning $3600.00 monthly.  Moreover, no corporate entity

was formed in this case to take title to the real property.  Based
on the testimony presented and the events that have occurred during
these proceedings, the Court finds that the petition was not filed
merely to frustrate DC Limited's efforts to enforce its rights.
The Court concludes that Reyes has a valid reorganizational purpose
and that there is more than a remote possibility of a successful
reorganization.  Reyes contends that DC Limited received the sum of
$282,000.00 in payments from the Chapter 7 trustee in the case of
La Nueva.  Likewise, the sum of $46,048.70 from rents received,
which clearly is cash collateral pledged to DC Limited, is on
deposit with the Court, which can be used to provide adequate
protection to DC Limited.  Finally, Reyes has proposed to sell
three of the properties for the sum of $785,000.00.  If this sale
is consummated, most of the proceeds would go to DC Limited.
Moreover, there would be three remaining properties to satisfy the
remainder of DC Limited's debt and perhaps some of the unsecured
debt.  The Court notes that DC Limited has not contended that the
properties lack equity nor that they are not necessary to Reyes'
reorganization.  At the present time, the Court can not conclude
that the petition was filed in bad faith.

DC Limited also argues that it is entitled to relief from stay
because Reyes is not eligible for Chapter 13 relief because his
debts exceed the limits of 11 U.S.C. § 109(e).  Reyes disputes the
validity of the second and third mortgages and filed an adversary

8

to contest their validity. If it is determined that the second and third mortgages are not valid, eligibility for Chapter 13 will not be an issue.

If on the other hand, the liens are valid, Reyes seeks to convert to Chapter 11. The Bankruptcy Code provides, in relevant part, that "at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under [chapter 13] to a case under chapter 11 or 12 of this title." 11 U.S.C. § 1307(d). Reyes has properly requested conversion as an alternative form of relief while the eligibility determination is pending. See In re Hanson, 282 B.R. 240, 246 (Bankr. D.Colo. 2002). Should it be determined that Reyes is ineligible for Chapter 13 relief, the conversion sought requires notice and a hearing. Id. Thus, the Court will hold this issue in abeyance until eligibility for Chapter 13 can be determined.

If Reyes is eligible for Chapter 13 relief, the proposed plan will have to be amended to reflect his additional income, the termination of the lease and the sale of a portion of the property, if it is approved.

ORDER

WHEREFORE IT IS ORDERED that DC Limited's requests for relief from the automatic stay are denied without prejudice.

IT IS FURTHER ORDERED that DC Limited may seek to withdraw the

9

funds on deposit with the Court, less the $5575.00 sought by Reyes, as adequate protection.  Reyes is granted twenty (20) days to identify expenses totaling the $5575.00 sought and properly document this amount.

IT IS FURTHER ORDERED that the motions to dismiss filed by the Chapter 13 trustee and DC Limited, based on eligibility grounds, are held in abeyance, pending a determination of the validity of the second and third liens on the real property and if determined to be valid, pending a determination of whether Reyes may convert to Chapter 11.

IT IS FURTHER ORDERED that the application for sale of property (dkt. #125) and the opposition (dkt. #130) will be considered on Friday, March 3, 2006 at 1:30 p.m. in the United States Bankruptcy Court, 300 Recinto Sur, Courtroom 3, San Juan, Puerto Rico.  At this hearing, Court will also hold a pre-trial conference in Adv. 05-00004.  The parties shall comply with the original pre-trial order (dkt. #3) in Adv. No. 05-00004.  This order shall also be entered in the docket of Adv. 05-00004.

SO ORDERED.

San Juan, Puerto Rico, this 13th day of January, 2006.

/s/ Gerardo A. Carlo
_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge

10